**UNITED STATES DISTRICT COURT**
**DISTRICT COURT OF MASSACHUSETTS**

| | |
|---|---|
| **A.B. by and through his** ) <br> **parents and next friends, C.B. and J.B.** ) <br> **Plaintiffs,** ) <br> ) <br> **v.** ) <br> ) <br> ) <br> **Norwood Public Schools** ) <br> **Defendant,** ) <br> ) | **COMPLAINT FOR ATTORNEY** <br> **FEES AND EXPENSES** <br> **PURSUANT TO 20 U.S.C.** <br> **§1415(i)(3)(B)** |

## I. PRELIMINARY STATEMENT

1. A.B. and his parents and next friends, C.B. and J.B. (hereafter 'Plaintiffs'), prevailed in

a due process hearing before the Bureau of Special Education Appeals (hereafter

'BSEA'), challenging the failure of the Norwood Public Schools District to provide A.B.

with a Free Appropriate Public Education (hereafter 'FAPE'). Plaintiffs now bring this

action seeking reasonable attorney's fees and costs pursuant to the Individuals with

Disabilities Education Act (hereafter 'IDEA'), 20 U.S.C. § 1400 *et sec.*

## II. JURISDICTION

2. Jurisdiction is vested in this Court under the Individuals with Disabilities Education

Act, (IDEA), 20 U.S.C. §1415(i)(3)(A) and venue under 28 U.S.C. § 1331.

## III. PARTIES

3. C.B. and J.B are the parents of A.B.. The family resides in Norwood, Massachusetts,

1

which is in the boundaries of the Norwood Public Schools District.

4. The Defendant Norwood Public Schools is a public school district duly organized, established and existing under the laws of the Commonwealth of Massachusetts within the town of Norwood, Massachusetts. At all times relevant herein, the Defendant is and was the Local Education Agency responsible for providing a Free Appropriate Public Education for B.D. pursuant to IDEA, 20 U.S.C. §1400 *et seq.*

## IV. GENERAL FACTS

5. A.B. is a five-year old boy diagnosed with Pervasive Developmental Disorder Not Otherwise Specified, and more recently diagnosed with Autistic Disorder based on the severity of his communication and social deficits. A.B. has substantial motor deficits, including hypotonia, uneven gait, oral-motor deficits, thumb hypoplasia, fine motor difficulties, and a history of tremors.  A.B. also has a complicated medical history, including gastrointestinal problems, respiratory issues, mild congenital heart defects, and autonomic dysregulation. As a result of these multiple deficits, A.B. presents with significant impairments across a number of domains of development, including speech and language, visual-motor skills, and social-emotional functioning.

6. Parents were provided with an Individualized Education Plan (hereafter 'IEP') dated November 2010-November 2011. Parents disagreed with the appropriateness of the program and placement that the District proposed to provide for A.B. Parents retained the services of Attorney Jennifer Gavin to represent A.B..

7. On March 16, 2011, Attorney Gavin filed a complaint and request for hearing before the BSEA on A.B.'s behalf in order to pursue FAPE pursuant to 20 U.S.C. §1415.

2

8. The BSEA hearing took place on May 19, 24, 26, 27 and 31, 2011 in Malden before William Crane, Hearing Officer.

9. Hearing Officer William Crane issued a partial decision on June 7, 2001, precluding Norwood from using a hip stabilizing belt without a physician's order, and Hearing Officer Crane issued a final decision on August 4, 2011 (BSEA# 11-5444), which concluded that the most recently proposed IEP was not reasonably calculated to provide A.B. with a free and appropriate public education ("FAPE") in the least restrictive environment.   Hearing Officer Crane ordered Norwood to make modifications to the IEP and satisfy additional requirements, as set forth within the section entitled *"Relief with respect to the currently proposed IEP"* in part V. B., of his decision.

10. Section V. B. of Hearing Officer Crane's Decision provides as follows: (1) ABA/DTT services shall be increased to 15 hours per week during the school year; (2) Speech and language services shall be increased to a half hour each day, with at least four of the five weekly sessions provided on a 1:1 basis; (3) home based services shall be increased to ten hours per week; with no gap in services longer than ten calendar days; (4) extended school year services shall be increased by added a week of related services at the end of the six-week summer program; (5) Norwood was ordered to immediately hire a doctoral level BCBA for at least one hour a week, with additional hours of at least the first two weeks of school in September 2011 for six hours per week, with a gradual reduction of time to three hours per week, and then to two hours per week, and then to on-going one hour per week.   Timing of the reduction of the consultant's time is to be guided by the consultant's opinion.   The purpose of these consultant services was to address how Norwood and Parents should address A.B.'s behaviors at home, how the

ABA/DTT services should be provided at school, and how, in general, A.B.'s overall

educational program at school and at home should be provided as discussed in the

Hearing Officer's Decision; (6) Norwood was ordered to hire a consultant for at least two

to three hours per month for purposes of consulting with Norwood staff and Parents

regarding Student's communication deficits and how they may be addressed through

assistive and augmentative communication.  During the first month (and longer if

needed), the consultant time shall be for ten hours per month, with a gradual reduction of

this time to the on-going two (or more) hours per month.  The consultant shall use part of

the time during the first month to evaluate Student regarding his communication needs

and how they should be addressed, and to teach staff and Parents how to implement his or

her recommendations.  More specifically, the consultant shall (1) determine appropriate

methods of assistive and augmentative communication for Student, (2) train and support

Student, staff and Parents regarding the use of appropriate communication technology

that can be consistently utilized at school to allow Student to meaningful access to the

curriculum, and that can be utilized at home to communicate with family and friends, (3)

monitor the implementation and effectiveness of the communication technology, and (4)

make improvements and other adjustments as needed over time with respect to the

communication technology and how it is being used.  The consultant shall have sufficient

specialized knowledge and expertise both in the area of communication and in the area of

assistive technology in order to carry out these responsibilities.  Timing of the reduction

of the consultant's time to at least two or three hours per month (and whether two hours

per month or more is needed) shall be guided by the consultant's opinion regarding this

matter;  (7) Norwood was ordered to provide A.B.'s 1:1 aide with at least five hours per

week of mentoring support by a BCBA for the first four weeks; (8) The IEP Team was to reconvene within four weeks of the 2011-2012 school year to add language goals regarding A.B.'s communication deficits, behavior goals for home and the community, and activities of daily living goals for the home and the community.

11.  The Order of the Hearing Officer dated August 4, 2011 materially changes the legal relationship between A.B. and his parents and the Norwood Public Schools by adding significant new services in addressing A.B.'s educational needs.

12. Norwood Public Schools has refused to reimburse the family for attorney fees incurred for representation during the proceedings before Hearing Officer William Crane of the Bureau of Special Education Appeals.

## V. CAUSE OF ACTION

12.  Plaintiff re-alleges paragraphs 1 through 12 and incorporates the same as if fully set forth herein.

13.  Plaintiff is a prevailing party in an action brought under the Individuals with Disabilities Act, Protection Act, 20 U.S.C. §1415 (i)(3)(B) and as such is entitled to an award of reasonable attorney fees and costs.

14.  The BSEA decision resulted in enforceable obligations for the student A.B. against the defendant.

WHEREFORE, Plaintiffs demand judgment against Defendant and pray for the following relief:

a. an order declaring the Plaintiffs as the prevailing party;

b. an order awarding Plaintiffs' reasonable attorney's fees and costs incurred in the

administrative proceedings pursuant to the Individuals with Disabilities Act, Protection

Act, 20 U.S.C. §1415 (i)(3)(B), plus such additional fees and costs, interests and in filing

and pursuing this cause of action,

c. an award any other such further relief that this Court deems proper and appropriate.


Respectfully submitted,
A.B. and his parents C.B. and J.B.,
by their attorney


Date: October 28, 2011                /s/Carolyn J. Kain
                                      Carolyn J. Kain  BBO # 566191
                                      52 Auriga Street
                                      Dorchester, Massachusetts 02122
                                      Tel:  (617) 320-6821
                                      Fax: (617) 506-1029
                                      Email: carolyn.kain@comcast.net




**CERTIFICATE OF SERVICE**

I, Carolyn J. Kain, Esq., hereby certify that this document filed through the ECF system
will be sent electronically to the registered participants as identified on the Notice of
Electronic Filing and paper copies will be sent to those indicated as non-registered
participant on October 28, 2011.


                                      /s/ Carolyn J. Kain
                                      Carolyn J. Kain